EDWARD STERN AND HARRY STERN, TRADiNG AS LIN-
COLN AUTO COMPANY, APPELLANT, v. JAMES PAYNE
ET AL., APPELLEE.

Submitted December 21, 1922—Decided February 20, 1923.

**Contracts—Lease of Motor Vehicle—Garage Keepers' Lien Act—
Contracts Made out of State—Replevin Did not Lie.**

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Joseph Beck Tyler* and *Gorson & Gorson*.

For the appellees, *W. Elmer Brown, Joseph A. Corio* and
*Bolte, Sooy & Gill.*

PER CURIAM.

This was a replevin suit. The plaintiffs, being owners in
Pennsylvania of a motor vehicle, on June 10th, 1921, made a
contract in that state with James Payne and William H. Roy,
which is framed as a contract of lease. Payne and Roy
brought the car into the State of New Jersey and stored it in
Atlantic City, pursuant to the requirements of a clause in the
lease, at the garage of Tabbs Brothers, where a storage bill of
some $21.75 was incurred, and this not being paid, Tabbs
Brothers resorted to the procedure prescribed in the Garage
Keepers' Lien act of 1915 and supplements (*Pamph. L., p.*
556) for the collection of the bill. Other claimants intervened
under the act, advertisement was had, and the vehicle was
sold at public sale for $200, which was sufficient to pay the
expenses of seizure and sale and the outstanding claims, in-
cluding that of Tabbs Brothers. Plaintiffs brought the present
suit in replevin on the theory of the decision of the Court of
Errors and Appeals in the case of *Stern* v. *Ward*, 94 *N. J. L.*
279, claiming in substance that as the contract is a Penn-

sylvania contract, the statute just cited is not applicable, and that no lien upon the car was acquired by any of the claimants under that act. We think that with respect to the claim of Tabbs Brothers this is conspicuously incorrect for, by the very language of the contract invoked by the plaintiffs, it is provided that the car is to be stalled at Tabbs' garage, which was the place where it was stalled, and where the bill of $21.75 was run up. The Garage Keepers' Lien act provides in section 1 that where the car is stored * * * "at the request or with the consent of the owner or his representative" there shall be a lien, and viewing plaintiffs as the owners, it seems quite plain that the trial court was justified in finding that the car was stored with Tabbs Brothers, not merely with the consent of plaintiffs, but by their request and, indeed, at their express direction, so that plaintiffs are clearly within the terms of and subject to the New Jersey statute in this particular. If so, the procedure for the seizure and sale of the car is fully supported and the subsequent sale for $200 was a lawful one; more especially as it appears in the case that plaintiffs were aware of most of the proceedings and took no steps either to redeem or to contest them until after the sale was had. This, however, in our view, is unimportant. The present litigation seems to be between the plaintiffs and the purchaser at the public sale, and we make no doubt but that he secured a valid title as against the plaintiffs. As to the validity of the other claims attempted to be fastened by various parties upon the car or the fund, we are not concerned with these at this time for, if the sale itself was a lawful one, as we think it was, the remedy of the plaintiffs, if any, must be against the fund, or those that were paid out of it, with the exception of Tabbs Brothers. There was a judgment in the District Court for the defendant purchaser. This judgment is supportable, not only on the grounds above stated, but because the court was justified in disregarding the testimony whereby the plaintiffs sought to prove the law of Pennsylvania on the subject. Their sole witness on this point was a member of the New Jersey bar who said he was also a member of the

bar in Pennsylvania but had not practiced there for nineteen years, and had "attempted in all that time to keep up with the laws of that state, only on occasions like this where somebody had interrupted the peaceful existence of his regular way of things and called him as a witness." The substance of his expert testimony was that the contract was, by the law of Pennsylvania, a lease, which may readily be conceded without impugning the proposition that if a lessor stipulate that the leased vehicle is to be stalled at a specified garage he may be held to have subjected his reversionary interest to the lien act.

The judgment will be affirmed.